UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS J. ORTIZ,<br><br>       Plaintiff,<br><br>  v.<br><br>ROBERT J. MURRAY and NEW JERSEY STATE TROOPERS JOHN & JANE DOES 1-10,<br><br>       Defendants. | Civil Action No. 15-8453 (FLW)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

      This matter comes before the Court upon Plaintiff Dennis Ortiz's motion to amend his Complaint in order to add the New Jersey State Troopers whose identities were discovered through Defendant's initial disclosures, as well as to add two paragraphs of information that was discovered since the initial complaint. (Docket Entry No. 24). Defendant Robert J. Murray ("Defendant") does not oppose the addition of the New Jersey State Troopers, but does oppose the addition of the two additional paragraphs of factual information. (Docket Entry No. 25). The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

**I.    Background and Procedural History**

      On April 28, 2014 Plaintiff was pulled over for speeding by Defendant. According to Plaintiff, after being asked to step out of the vehicle and taking a sobriety test "multiple other New Jersey State Police units began to converge on the scene." (Pl.'s Br. in Supp. of Mot. at 1-2)

Plaintiff was subsequently arrested for Obstruction and Resisting Arrest.  (Id. at 3)  Plaintiff was also issued summons for Speeding, Reckless Driving and Failure to Exhibit Documents.  (Id.)  Plaintiff pled guilty to the motor vehicle offenses on September 15, 2015 and the criminal charges were dismissed.  (Id.)

Plaintiff filed his original complaint on December 3, 2015 alleging that "the New Jersey State Police maliciously shattered the windows in Plaintiff's vehicle during a routine motor vehicle stop and then lodged false criminal charges against Plaintiff in an effort to cover up their own criminal conduct and racial profiling.  (Pl.'s Compl. at 1).  Plaintiff's complaint includes counts of Excessive Force, Failure to Intervene, Malicious Prosecution, False Arrest/Imprisonment and Illegal Search and Seizure under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2, et seq. as well as counts for Assault and Battery, Civil Conspiracy and Intentional Infliction of Emotional Distress/Negligent Infliction of Emotional Distress. Plaintiff filed the instant motion on November 11, 2016.

Plaintiff argues that Defendant will not be prejudiced by the amendment of the newly acquired facts simply because his interpretation of the facts is different from Plaintiffs.  (Pl.'s Reply Br. in Supp. of Mot. at 2).  Plaintiff states that "[d]efendant's disagreement with the facts as pled does not equate to prejudice as a matter of law." (Id.)  Plaintiff notes that "Defendant will have plenty of time to explain himself and his version of the events through the discovery process." (Id.)

Defendant opposes the addition of paragraphs 17 and 18 of the proposed amended complaint because "they fail to contextualize and seemingly mischaracterize information gleaned from video footage provided by the New Jersey State Police."  (Def.'s Letter Br. in Opp. at 1).  Defendant argues that he would be unduly prejudiced by the addition of paragraphs 17 and 18

because they "provide[] a misleading and deceptive account of the events as they actually transpired." (Id. at 2).

## II.   Analysis

### A.  Standard of Review

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (Id.)  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In determining whether a proposed amendment is futile, "the court looks only to the pleadings." *Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F.Supp.2d 761, 765 (D.N.J. 2000).  A proposed amendment is futile if it "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." (Id.)  When faced with a motion to dismiss for failure to state a claim, the court conducts a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual elements are separated from the legal elements of the claim. (Id. at 210-11). The court must accept the factual elements alleged in the well-pleaded complaint as true, but may disregard any legal conclusions. (Id.) Second, the court must decide if the facts alleged are sufficient to show a "plausible claim for relief." Id. at 210 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft,* 556 U.S. at 679.

### B. Discussion

The Court finds that Plaintiff's motion to amend is not futile. When deciding if a motion to amend is futile, the Court looks at the four corners of the complaint and accepts as true all facts plead by Plaintiff. Plaintiff has plead facts from which the Court can draw the reasonable inference that Defendants are liable for the misconduct alleged.

The Court further finds that Plaintiff's motion to amend is not prejudicial to Defendants. Defendants can challenge the presentment of the facts and what the video depicts during the discovery process.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED. An appropriate Order follows.

Dated: December 14, 2016

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
